WALLINGFORD MANUFACTURING COMPANY *v.* WM. C. FOX.

When individuals associate and form a joint stock company, and, by their articles, promise to pay the assessments on their shares, an action of assumpsit cannot be maintained on such promise, by an incorporated company, when the funds of the association are transferred to such company, unless the person against whom the suit is brought has become a member of the corporation by some act signifying his assent thereto.

ASSUMPSIT, to recover three assessments upon certain shares of the capital stock of the Wallingford Manufacturing Company, alleged to belong to the defendant.

Plea. *non-assumpsit.*

The case came before the county court upon the following case stated.

The defendant, and some thirty other persons, on the seventh day of February, 1837, made and entered into an agreement, in writing, and thereby formed themselves into a company, under the name of the Wallingford Manufacturing Company for the purpose of manufacturing and selling wollen and cotton cloths, or either of them, and for the transaction of all such business as is usually done by manufacturing companies. Said agreement provided for the appointment of trustees or agents to transact the business of said company and authorized such trustees to purchase certain lands and a water privilege and take deeds in trust for said company and erect a factory, &c.

And the said subscribers, in and by said agreement, further agreed, as follows :

" In order to enable our said agents or trustees to pay for " the real estate which the company have agreed to pur- " chase, and that they may have the necessary funds to ena- " ble them to proceed with the business of the company, " we, the undersigned individuals, have subscribed, as part of " the capital stock of the company, the sums affixed to our " names, respectively, and we do hereby severally promise " and agree to pay to such trustees or agents as may be ap- " pointed by the company, the whole of the money by us " subscribed as stock in said company, at such time or times " and in such assessments as shall be made by our said trus- " tees ; *Provided,* all assessments shall be made equal in pro- " portion to the sums subscribed, and that thirty days notice " of the time of payment shall be given to each individual

RUTLAND,
February,
1840.

Wallingford
Manufactur-
ing Co.
v.
Fox.

"and of the sum he is required to pay; and we severally "agree with the company, and with each other, that if any "person shall neglect or refuse to pay the assessments when "due and called for by the trustees, that the stock on "which such assessments are made shall be forfeited to the "company and that the individual so neglecting or refusing "to pay such assessments shall no longer have any right or "title to said stock or to any of the company property."

Said agreement also provided for holding the annual and other meetings, &c., and contained the following provision relating to the procuring of an act of incorporation, &c.

"And it is further understood and agreed by the under- "signed, respectively, that an act of incorporation shall be "procured from the general assembly of this state, as soon "as possible, for this company, and that as soon as said com- "pany shall obtain an act of incorporation, that our trustees "shall immediately transfer and make over to such incor- "porate company all the property, real and personal, includ- "ing the capital stock of this company, which this company "may at the time own, and that the several individuals "signing this agreement shall own in said incorporate com- "pany the same proportional interest that they may own in "this company at the time of such transfer."

The defendant and others signed said agreement and took stock, in the whole, to the amount of fifteen thousand dollars and upwards, but no part of the sum subscribed by the defendant, or others, was paid at the time of signing the agreement. On the day of signing, the signers met and appointed five agents, trustees or directors to manage the affairs of the company, as provided in the articles of agreement. The agents so appointed accepted the appointment and ever since have been the sole agents, trustees or directors of said company.

About the 20th of March, 1837, the agents or trustees purchased the water privilege owned by Ashbel Meacham and others, together with such part of the real estate of Z.Hull and others, as they were authorized to purchase by said articles of agreement, and took proper deeds and conveyances in trust for said company, and, for the purchase money, said agents gave notes as such agents, in the whole, for about $7200, payable a

RUTLAND,
*February,*
1840.

Wallingford
Manufactur-
ing Co.
*v.*
Fox.

part of them in June, 1837, part in April 1838, and the balance in April, 1839.

The agents applied to the legislature, in the fall of 1837, for an act of incorporation for said company, which application was referred, by said legislature, to the session of 1838, and, by the legislature of 1838, the act was granted and is made a part of the case. On the day fixed in said act for the first meeting, viz. the third Monday of January, 1839, the persons named in said act, with other signers of the said agreement, met at the time and place mentioned therein, for the purpose of forming a company under said act, and, on the same day, made and adopted rules, by-laws and regulations for their government. Five directors were appointed on the same day, who were the same persons appointed under the articles of agreement. On the same day, after the annual meeting of said company held under said articles of agreement, the said company voted to accept of the act of incorporation that had been procured for said company, and of the doings had under said act in forming themselves into a new company, or of accepting the act of incorporation for said company, under said articles of agreement. It is however admitted and agreed that the defendant was not present at the meeting held under the act of incorporation, nor at the annual meeting held under the articles of agreement, and that he did not assent or dissent from the same except by taking no part in the meetings. It is also agreed that the agents or trustees, acting under the articles of agreement, (after the meeting held under the aforesaid act) by vote of the company and in pursuance of said articles, deeded and conveyed all the real and personal property owned by the company under said agreement, including the water privilege and lands which had been deeded to said agents, in trust, to the company formed under said act of incorporation. It is also admitted and agreed that the agents, while acting under the articles of agreement, to wit, in March 1837, made an assessment on all the capital stock of said company of ten dollars on each share, and directed the same to be paid by the 10th of May, 1837, and that in December 1837, said agent or trustees made another and further assessment of $15,00 on a share to be paid by the 20th of March, 1838, and on the 20th February, 1839, the same directors, acting under said act of incorporation, made another assessment of $30,00 on each

share, to be paid by the 18th of March, 1838, and it is agreed that the defendant has been duly notified of each of said assessments and requested to pay the same, as required in and by said articles of agreement and by the rules and by-laws of said company, and that he has not paid them.

If the plaintiffs are entitled to recover anything, then judgment is to be entered for the amount of the three assessments, with interest after they were to have been paid, and if not entitled to recover, the plaintiffs must enter a nonsuit.

The county court rendered a judgment for the plaintiff and the defendant excepted.

*S. Foot and R. Pierpoint,* for defendant.

It is contended that the plaintiff cannot maintain this action against the defendant,—

1. Because no contract was ever made between the plaintiff and defendant. The articles of association, signed by the defendant and others, and under which the defendant's liability to the plaintiffs is claimed, were formed long before the act of incorporation, under which this suit is brought, was granted. 8 Mass. 188.

2. The original articles of agreement constitute merely a private association or co-partnership, and whatever liability the defendant may have assumed by subscribing such articles of agreement, that liability can be enforced in no other way than by such remedy as existed before the act of incorporation, or such remedy as if no act of incorporation had been granted at all. In short, the act of incorporation gives no new remedy ; it creates no new or different liability.

3. This is not like the case of *Lapham* v. *Green,* 9 Vt. R. 407, and the cases upon which that decision rests, in which it has been adjudged that a party in interest in a contract, resting in parol, may sue upon it, because in all these cases the interest existed at the time of the contract. Not so in this case. The party suing did not then have even its artificial being. 5 Mass. 491.

4. This is not a negotiable contract, and although the interest of the old company, so called, may have been assigned to the new incorporated company, that would not enable the corporation to recover that interest by suit in its own name.

5. There is no express promise here to pay the assess-

Wallingford<br>Manufacturing Co.<br>*v.*<br>Fox.

RUTLAND,
February,
1840.

Wallingford
Manfactur-
ing Co.
v.
Fox.

ments to the corporation, and if a promise could possibly be implied, assumpsit will not lie in favor of the corporation upon an implied promise, where the general laws of the state, or those specially regulating the concerns of the corporation, provide for the forfeiture of the stock for non-payment of the assessments, and no other mode is provided to enforce payment. Comp. Statute, page 160. *Essex Bridge Co. v. Tuttle*, 2 Vt. R. 393. *Andover and Medford Turnpike Co.* v. *Gould*, 6 Mass. 40. *New Bedford & Bridgewater Turnpike Co.* v. *Adams*, 8 Mass 138. *Gilmore* v. *Pope*, 5 Mass 491.

*H. Button*, for plaintiffs.

This case proceeds on the ground that the person sued contracted expressly to pay the amount of the money he subscribed.

If this is made out, the case then becomes entirely different from all classes of cases where the court have decided that, by a forfeiture of the amount already paid, the stockholders might be released from the residue.

Those decisions were made on the ground that it was optional with the stockholders to forfeit their stock and be released from further payment or not, and that that was the only remedy provided to enforce the payment of the shares subscribed for by the parties, and was so understood.

In this case, directly the reverse is the fact, and this appears from the express engagement of the parties, from their acts and from the nature of the undertaking.

The company, as such, have a right to sue. The original contract with the trustees contemplated the obtaining an act of incorporation, and when obtained, equally contemplated that the company, formed under that act, should take the place of the trustees, or should take the place of the company formed by the articles of association.

The opinion of the court was delivered by

WILLIAMS, J.—The plaintiffs were incorporated in November, 1838, and bring this action to recover three assessments on certain shares of the capital stock, alleged to belong to the defendant. One of the assessments, only, was made after the act of incorporation. If the plaintiffs can recover this assess-

ment, it is not very material whether the recovery can embrace the two former, as by making a new one, according to the tenor of their by-laws,they can obtain the same result as they could by a recovery in this action. It appears that certain individuals, including the defendant, associated together in February, 1837, under the same name as the present plaintiffs, and provided for the appointment of agents, making assessments and holding meetings. It was also provided that an act of incorporation might be obtained, and that a transfer of the capital stock, &c., might be made to the company which might be incorporated. The act was not obtained that year, but was obtained the next year thereafter. The questions which have been made, are 1, whether there is any promise to pay the assessments, in the articles of association, and if so, whether the plaintiffs can sue on that promise; and 2, whether the defendant is a member of the company and liable to be sued for the assessments made by them?

Upon the first question, it is to be remarked that the promise relied on was made before the company had an existence. The right to enforce any contract made with that association, existed anterior to the existence of the corporation. There was a remedy, either at law or equity, to enforce any contract made with them. As whatever contract was made, was not with the present company, the right of action and the remedy to enforce the performance cannot be transferred to the present plaintiffs. There must be some assent, either express or implied, on the part of the defendant to become a member of the corporation, on the same terms and conditions as were contained in the articles of association, before an assessment could be made and an action sustained thereon. It is unnecessary for us to say what would have been the consequences if an act of the legislature had been obtained, incorporating those who signed the articles of association, and adopting the provisions of the articles as the fundamental laws of the company. Whether the defendant would, by the very act, become a member of the company, unless he expressed his dissent, we need not decide, as this question does not necessarily arise in this case.

The act, passed in 1838, was not of this character. It formed a new company, not mentioning any association al-

ready formed, but authorizing the taking and dividing the stock, sale and transfer thereof, and making assessments, in the same manner as other new corporations are created and formed. It is difficult to see how the members of the old association could slide into, and become amalgamated with the corporation thus created, without some act on their part assenting thereto.

This view also disposes of the second question, as no assent on the part of the defendant is found. He was not a member of the corporation and liable for any assessments made by them. And further, by the articles of association, the defendant, by neglecting to pay the assessments made in pursuance of those articles, forfeited his stock and ceased to be a member. Whether he can be made liable for those assessments, by a suit at law or in equity, is not a question now before us, but we are of opinion that he is not liable in this action to the present plaintiffs. The judgment of the county court is therefore reversed.